UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v. ) | Criminal Case No: 21-CR-233 (CJN) |
| ) | |
| **WILLIAM ROBERT NORWOOD, III**, ) | Trial: Aug. 26, 2024 |
| ) | |
| Defendant. ) | |

**REPLY TO GOVERNMENT'S OPPOSITION TO
DEFENSE MOTION TO DISMISS COUNT ONE OF THE SECOND SUPERSEDING INDICTMENT
AND MOTION FOR SANCTIONS**

**I) "In the Course of Preparing This Matter for Trial the Government Obtained New Evidence That Supported a Civil Disorder Charge"**

On pages 11 through 16 of ECF No. 93, the DOJ argues that Count One was indicted because "in the course of preparing this matter for trial the government obtained **new evidence** that supported a civil disorder charge." *See* ECF No. 93 at *12. However, the DOJ does not specify what this alleged new evidence is, nor has it provided any supplemental discovery to the defense with any new evidence. The last batch of case-specific discovery produced to the defense in this case was over one year ago.

The factual accusations in ECF No. 93 are not divergent from the ones made when Mr. Norwood was initially charged. *See* ECF No. 1-1. The Government even examined witnesses and cross-examined Mr. Norwood on these allegations at a pretrial release hearing in Greenville, South Carolina. *See* ECF 14-1. The Government's argument in ECF No. 93, therefore, appears

false; or, the Government is referencing evidence not provided to the Defense, in violation of the discovery rules.

If the DOJ falsified the claim of "new evidence" in order to win an argument, then the Defense seeks misconduct sanctions in the form of dismissal.

If the Government indeed came into possession of new evidence during its trial preparations and failed to share that evidence with the Defense, then the Defense seeks sanctions for the Government's violation of Judge Sullivan's Discovery Order dated April 26, 2021. *See* ECF No. 17. The defense is drafting this Reply *three weeks prior to the trial date without receipt of any new evidence* from the Government. The Defense seeks dismissal as a sanction under the Due Process Protections Act and Local Criminal Rule 5.1.

In the alternative, the defense seeks sanctions in the form of evidence inadmissibility at trial. If Count One is not dismissed and the DOJ is permitted to prosecute Count One, the DOJ's due process failure should be sanctioned in the form of inadmissibility of the evidence that was not provided to the defense when this motion was drafted.

**II) "Lesser Charge"**

On Page 9, the DOJ sets out a legal argument about initially bringing lesser charges and attempting a plea to the lesser charges before bringing more serious charges. But the DOJ did not offer Mr. Norwood a plea to lesser charges— the Government attempted to induce a plea to the felony Section 1512(c)(2) charge, which has a higher felony classification than the Civil Disorder charge currently being argued. The Government only relented on the 1512 charge after

the Supreme Court forced its hand. This entire argument about first proceeding with lesser charges is inapplicable to the case at hand.

**III) Other Arguments**

All other arguments made by the DOJ are addressed in Defendant's Motion in ECF NO. 91.

Respectfully submitted,

By Counsel:

_____/s/_____
Marina Medvin, Esq.
*Counsel for Defendant*
MEDVIN LAW PLC
916 Prince Street
Alexandria, Virginia 22314
Tel:  888.886.4127
Email: contact@medvinlaw.com

**CERTIFICATE OF SERVICE FOR CM/ECF**

I hereby certify that on August 5, 2024, I will electronically file the foregoing with the Clerk of the Court for the United States District Court for the District of Columbia by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users, and that service will be accomplished by the CM/ECF system.

_____/s/_____
Marina Medvin, Esq.